BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE GREGORY S. GAUL, ACTING DISTRICT ATTORNEY, COUNTY OF SHASTA, has requested an opinion on the following question:
May a muzzleloading rifle equipped with iron sights contain a fiber optic ambient light gathering system when used to hunt big game?
 CONCLUSION
A muzzleloading rifle equipped with iron sights may not contain a fiber optic ambient light gathering system when used to hunt big game.
 ANALYSIS
The Constitution expressly authorizes the Legislature to delegate to the Fish and Game Commission ("Commission") "such powers relating to the protection and propagation of fish and game as the Legislature sees fit." (Cal. Const., art. IV, § 20, subd. (b).) The Commission, pursuant to its delegated authority (Fish G. Code, § 202), has adopted a regulation (Cal. Code Regs., tit. 14, § 14:353)[1]
concerning the use of muzzleloading rifles to hunt big game. Subdivision (f) of Regulation 353 states in part:
"Muzzleloading rifle hunters . . . shall possess muzzleloading rifles equipped with iron sights only, while hunting under the provisions of a muzzleloading rifle only tag."
We are asked whether under Regulation 353, a muzzleloading rifle equipped with iron sights may contain a fiber optic ambient light gathering system. We conclude that it may not.[2]
Initially, we must determine what is meant by the terms "iron sights" and "fiber optic ambient light gathering system." The term "iron sights" is not defined in any statute or in the Commission's regulations. However, it is generally understood by hunters to mean the combination of a metal vertical pin attached to the top front of the gun barrel and a piece of metal shaped like the letter V attached to the top rear of the barrel. These two "sights" are aligned with the target by the hunter. The sights are commonly made of various materials and may have different configurations.
A "fiber optic ambient light gathering system" is not defined by statute or regulation. Generally speaking, the purpose of a fiber optic system is to make the front sight on the gun barrel more visible by gathering and focusing the ambient light, particularly in low light conditions. The light enhancing quality of a fiber optic system achieves much the same purpose as, but is distinguishable from, making the front sight more visible by painting it a contrasting color or by other means.
In Richard Boyd Industries, Inc. v. State Bd. of Equalization (2001)89 Cal.App.4th 706, 713, the court recently reviewed the applicable principles of when examining an administrative regulation:
". . . There are many rules of construction that provide guidance when the meaning of a regulation is uncertain. [Citation.] The primary rule, however, is to respect the subject matter expertise of the agency charged with enforcing the regulation and to defer to that agency's interpretation unless it is clearly erroneous or unauthorized. [Citations.]"
In Pacific Legal Foundation v. Unemployment Ins. Appeals Bd. (1981)29 Cal.3d 101, 111, the Supreme Court observed that "because of the agency's expertise, its view of a statute or regulation it enforces is entitled to great weight unless clearly erroneous or unauthorized. [Citations.]" "As a general rule, the courts defer to the agency charged with enforcing a regulation when interpreting a regulation because the agency possesses expertise in the subject matter. [Citation.]" (Aguilarv. Association for Retarded Citizens (1991) 234 Cal.App.3d 21, 28.)
Here, the terms of Regulation 353 are administered and enforced by the Department of Fish and Game (Fish G. Code, § 702; "Department"). The Department has interpreted Regulation 353 as excluding the use of fiber optic ambient light gathering systems on muzzleloading rifles. It is conceded that such fiber optic systems were unknown and unavailable when the Commission first adopted the phrase "iron sights only" in 1979 (Register 79, No. 19 (May 12, 1979) p. 52.6.19). While muzzleloading rifles have traditionally been equipped with iron sights, they have not traditionally contained fiber optic ambient light gathering systems.
We believe in these circumstances that a court would defer to the expertise of the Department in construing the phrase "iron sights only" as contained in Regulation 353. The Department's interpretation is entitled to "great weight" and cannot be said to be "clearly erroneous or unauthorized." of course, the Commission may amend Regulation 353 specifically to allow fiber optic systems on muzzleloading rifles. Indeed, in the regulatory review process, any member of the public may make such a recommendation to the Commission. (See Fish G. Code, § 207.)
We conclude that a muzzleloading rifle equipped with iron sights may not contain a fiber optic ambient light gathering system when used to hunt big game.
[1] All references hereafter to title 14 of the California Code of Regulations are by regulation number only.
[2] Our conclusion applies to hunting with a muzzleloading rifle only tag and hunting with a muzzleloading rifle/archery tag. (See Reg. 353, subd. (g).) We are informed that for the year 2002, 365 muzzleloading rifle only tags were issued and 300 muzzleloading rifle/archery tags were issued.